IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEFFON CHAMBERS,        :
        :
    Plaintiff        :
        :    CIVIL NO. 1:CV-16-1732
  vs.        :
        :    (Judge Caldwell)
DAUPHIN COUNTY BOARD of        :
INSPECTORS        :
        :
    Defendants        :

*M E M O R A N D U M*

I.    *Introduction*

        The pro se plaintiff, Steffon Chambers, an inmate at the Dauphin County Prison (DCP) in Harrisburg, Pennsylvania, initiated this civil-rights action on August 16, 2016, alleging that the Dauphin County Board of Inspectors is violating his constitutional rights by charging him room and board and extracting those fees from his prison account. He seeks a temporary injunction to cease this practice, and ultimately to be reimbursed for all funds taken from him under this policy.  (Doc. 1, Compl.)

        This case is now before the court for a preliminary review pursuant to 28 U.S.C. § 1915.  Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we will dismiss the complaint for failure to state a claim upon which relief may be granted.

II.    *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint.  Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint.  *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B)(I) - (iii); 28 U.S.C. § 1915A(b)(1) - (2).

A complaint is frivolous if it lacks an arguable basis either in law or fact.  *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)).  In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6).  *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).  Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)).  The court may also rely on exhibits attached to the complaint and matters of public record.  *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.     *Background*

Chambers entire statement of his claim consists of a single line: "Charging petitioner room and board for incarceration." (ECF Doc. 1, p. 3).

IV.     *Discussion*

Chambers alleges that the Defendant's policy of charging inmates for room and board violates unspecified constitutional rights.

In *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000), an inmate challenged a booking fee and a $10.00 per day fee for housing costs. *Id.* at 413. *Tillman* held that prison officials could, consistent with the Constitution, deduct monies from inmates' accounts to recover some of the costs of their imprisonment. *Id.* at 417-23. The

-3-

deductions were not "fines" within the Eighth Amendment and did not otherwise violate the

Eighth Amendment because "[the plaintiff] was never denied room, food, or other

necessities," nor was his sentence extended due to his inability to pay.  *Id.* at 419.

       To the extent Chambers' claim could be construed as a Due Process

violation, it is clear that "a prisoner has a protected property interest in the funds held in his

inmate account."  *Hale v. Beard*, 168 Fed.Appx. 532, 534 (3d Cir. 2006) (citing *Higgins v.*

*Beyer*, 293 F.3d 683, 693 (3d Cir. 2002); *Tillman,* 221 F.3d at 421.  "Because the

requirements of due process are 'flexible and cal[l] for such procedural protections as the

particular situation demands,'" *Wilkinson v. Austin*, 545 U.S. 209, 224, 125 S.Ct. 2384,

2395, 162 L.Ed.2d 174 (2005) (citing *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct.

2593, 2601, 33 L.Ed.2d 484 (1972)), the Third Circuit has held that where a state must act

quickly or it would be impractical or meaningless to provide pre-deprivation process,

providing a post-deprivation process may be enough to satisfy the requirements of the Due

Process Clause.  *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 483-84 (3d Cir.

2014).  The Third Circuit specifically found that when inmates are assessed a fixed fee to

defray the costs of their room and board, pre-deprivation hearings are not required as these

assessments involve "routine matters of accounting with a low risk or error."  *Id.* at 484

(citing *Tillman*, 221 F.3d at 422).  The circuit court, however, did require that "inmates are

entitled to some pre-deprivation notice of the prison's deduction policy," *id.*, and the

availability of a meaningful post-deprivation remedy to address any accounting "mistakes

such as erroneous assessments or incorrect takings might occur" through a grievance or

other administrative remedy program, i.e. a post-deprivation process.  *Tillman*, 221 F.3d at 422.

Initially we note that the Dauphin County Board of Prison Inspectors is not a proper defendant in this action as it has no capacity to be sued.  *See Birckbichler v. Butler County Prison*, No. 07-1655, 2009 WL 2986611, at *5 (W.D.Pa. Sept.17, 2009).

Next, it is clear from the above cited case law, that Chambers fails to state either an Eighth Amendment or Due Process violation in the sole allegation that he is being charged a fee for his room and board.  However, because Chambers does not specify whether he is being charged a set fee (i.e. one common to that charged similarly situated prisoners at the prison), or whether he received pre-deprivation notice of this fee, or whether he has access to a meaningful post-deprivation process (i.e., a grievance process) for him to challenge any accounting inaccuracies related to the fee, Chambers will be granted leave to file an amended complaint.

Should Chambers wish to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed."  *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Chambers is cautioned that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  Consequently, all causes of action

-5-

alleged in the original complaint which are not alleged in the amended complaint are waived.

Chambers is also warned that his amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks with regard to each claim.  Chambers' failure to file an appropriate amended complaint within the required time will result in the dismissal of this action.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date:  September 12, 2016