IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEFFON CHAMBERS, : | |
| : | |
| Plaintiff : | |
| : | CIVIL NO. 1:CV-16-1732 |
| vs. : | |
| : | (Judge Caldwell) |
| DAUPHIN COUNTY BOARD of : | |
| INSPECTORS : | |
| : | |
| Defendants : | |

*M E M O R A N D U M*

I.  *Introduction*

The pro se plaintiff is Steffon Chambers, an inmate at the Dauphin County Prison (DCP).  On September 12, 2016, we screened his Complaint which alleged that DCP officials were charging him room and board fees and withdrawing those fees from his prison account in violation of his Due Process and Eighth Amendment rights. *See Chambers v. Dauphin Cnty. Bd. of Inspectors*, 2016 WL 4734651 (M.D. Pa. Sept. 12, 2016).  The Complaint was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and Chambers was granted leave to file an amended complaint.  (*Id.*)

Chambers filed an Amended Complaint (ECF No. 14) on October 12, 2016. As required, the Amended Complaint is before us for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B).  For the reasons that follow, Chambers' Amended Complaint will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and Chambers will be afforded a second and final opportunity to amend his complaint.

II.     *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(I) - (iii); 28 U.S.C. § 1915A(b)(1) - (2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed.  *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009)*.  Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile.  *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)).  However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend.  *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III.   *Background*

Chambers alleges as follows in his Amended Complaint.  He is serving a thirteen-month sentence at the DCP, imposed by the Dauphin County Court of Common Pleas.  (ECF No. 14, Amend. Compl.).  "In 1997, the Dauphin County Board of Prison Inspectors [(Prison Board)], including the County Commissioners, the District Attorney, the Sherriff (sic) and the County Controller, devised, implemented and executed a Dauphin County policy, practice and custom which assessed graduated fees for room and board upon" those sentenced in Dauphn County.  (*Id.*, p. 2).  The Prison Board's decision was not authorized by legislative action or executive order.  The room and board fees are also neither part of his plea agreement nor imposed by the sentencing court in his criminal proceeding.

Chambers has been housed at the DCP from 1998 through June 2016 for a variety of reasons. (*Id.*, p. 2). Based on his repeated DCP incarcerations, his accrued room and board charge is presently $35.00 per day. The DCP's room and board fee policy is "duplicative" of those charged to DCP inmates on work release. (*Id.*, 3).

Chambers contends the room and board fee violates due process in the following two ways. First, it was imposed outside of his criminal proceeding and without legislative approval. (*Id.*, 3). Second, the incremental increases in the fee are imposed without any pre-deprivation hearing. (*Id.*) He also complains that the room and board policy "subject[s] [him] to involuntary servitude" and deprives him of normal prison wages. (*Id.*) Finally, he asserts that the fees are excessive and duplicative of those imposed by the Dauphin County Work Release Center. (*Id.*)[1]

IV.   *Discussion*

Chambers alleges that the DCP's policy of charging inmates room and board fees violates his Due Process and Eighth Amendment rights.

For the reasons more fully set forth in our September 12, 2016, Memorandum and Order, Chambers has failed to state either a Due Process or Eighth Amendment claim relative to DCP's room and board fee. In *Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410 (3d Cir. 2000), the Third Circuit held that prison officials could, consistent with the Constitution, deduct monies from inmates' accounts to recover some of the costs of their

---

[1] However, Chambers does not alleges whether he is presently assigned to the work release center and being charged excessive room and board fees.

imprisonment.  *Id.* at 417-23.  The deductions were not "fines" within the Eighth Amendment and did not otherwise violate the Eighth Amendment because "[the plaintiff] was never denied room, food, or other necessities," nor was his sentence extended due to his inability to pay.  *Id.* at 419.  The court of appeals also stated the lack of a pre-deprivation hearing for the fee was not a due process violation.

In our previous memorandum, we advised Plaintiff of *Tillman*'s relevance to his case.  He was given leave to file an amended complaint to allege whether the fee he is being charged was excessive.  Chambers failed to clearly address that issue in his Amended Complaint.  At best, he asserts that inmates on the work release program are charged duplicate room and board fees.  It remains unclear whether he is a work release inmate subject to such "duplicative" room and board fees and how those fees are charged and the amount of the fees.

He also fails to mention what, if any, personal involvement Warden DeRose has in the implementation of the room and board fees or withdrawal of the fees from his prison account.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  Without some allegation of Warden DeRose's personal involvement in the alleged wrongs, he cannot he held responsible for a constitutional violation in which he neither participated nor approved.  (*Id.*)  Thus, Chambers fails to state a claim against Warden DeRose.

As before Chambers will be granted an opportunity to file a second amended complaint to resolve the deficiencies in his claim.  Should Chambers wish to file a second amended complaint, he is advised that it must contain the same docket number as the

instant action and should be labeled "Second Amended Complaint."  In addition, the "amended complaint must be complete in all respects.  It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  Chambers is cautioned that any second amended complaint he may file supersedes the original and amended complaints and must be "retyped or reprinted so that it will be complete in itself including exhibits."  M.D. Pa. LR 15.1.  Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

        Chambers is also warned that his second amended complaint must be concise and direct.  *See* Fed. R. Civ. P. 8(d).  Each allegation must be set forth in an individually numbered paragraphs in short, concise and simple statements.  *Id.*  The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights.  *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.  He must also specify the relief he seeks with regard to each claim and each defendant.  Chambers' failure to file an appropriate second amended complaint within the required time will result in the dismissal of this action.

        We will issue an appropriate order.

        /s/ William W. Caldwell  
        William W. Caldwell  
        United States District Judge

Date:  October 31, 2016